UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY R. JAMISON,

    Plaintiff,

    v().

J.P. MORGAN CHASE, et al.,

    Defendants.

No. 15 C 6209
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

    Gary R. Jamison has sued three persons and two companies over their conduct as mortgage lenders. While Jamison could pay a small portion of the $400 fee, I am unwilling to impose the statutory fee because the case is filed in the wrong court and would offer no benefit to Jamison. The claim is based on his attempts to get a loan. Part of Jamison's motivation for getting the loan was to assist another veteran who had difficulties. Jamison did get the loan, although the date is unclear. Eventually, foreclosure on the loan was sought by bankers. There was an attempt at loan modification but it was denied. Jamison lost the house and seeks damages of $142,500, the sale price of the home in the foreclosure. The date he lost the house is not stated. Jamison says he had surgery for heart disease in January of 2009. At that time, he still had the house and "got behind" on his payments. For purposes of this order, I assume that the loss of his house occurred before the statute of limitations expired, even though the filing date of his complaint is July 15, 2015.

    This case is to be dismissed because it simply does not belong in a federal court. The law regarding mortgages and mortgage loans is state law. The lenders' offices and officers are in the state of Illinois as was Jamison's property. Jamison argues that "jurisdiction for this

case should be in Federal Court because it is a banking matter that includes a national bank and a financial company that does business in multiple states." It is not the law that all business conducted by national banks and lenders invokes federal jurisdiction. The transactions here were conducted in Illinois and were governed solely by Illinois laws of property and mortgages. It is the Illinois courts that have interpreted and enforced the forfeiture law, and it is that jurisprudence which governs the claims in this complaint.

If Jamison wants to proceed in state court, it would be wise for him to specify the dates of events that occurred from the time the house was bought to the time it was lost through foreclosure so that the state court can determine whether his claims are still viable under the state statute of limitations.

The motion to proceed *in forma pauperis* is granted. The motion for attorney representation is denied. The complaint is dismissed.

ENTER:

James B. Zagel
United States District Judge

DATE: July 20, 2015